## STATE COURT OF APPEALS—Continued

### No. 574
### LOYER v. KESSLER
Ohio Appeals, 3rd Dist., Crawford Co.
No. 1061. Decided April 8, 1925.

480. EVIDENCE—On second trial, may be so different than on a first, as to warrant an increase in damages, and what was excessive in first trial may not be so under evidence in a second.

225. CHARGE TO JURY — R e q u e s t e d charge, restricting evidence to testimony of expert witness properly refused.

WARDEN, J.

Wm. Kessler brought an action in the Crawford Common Pleas against Albert Loyer for damages, sustained by reason of treatment of his inqured leg so that he was disabled. The jury returned a verdict of $2500 in Kessler's favor and on prosecution of error the Court of Appeals reversed the judgment because the verdict appeared to have been given under the influence of passion and prejudice.

The case was re-tried and the jury returned a verdict in Kessler's' favor for $8000, upon which judgment was rendered. Error was prosecuted and Loyer claimed that the verdict was against the weight of the evidence, that the Court erred in refusing to give special charges and that the verdict was excessive. The Court of Appeals held:

1. The evidence in the second trial being substantially the same as in the first, except as to the amount of damages this ground of error is not available for the reason that the law of the case relating thereto was fixed by the former review.

2. Refusal of the court to give charge that the "question of whether Loyer in treating Kessler for the injury used that degree of reasonable and ordinary skill used by physicians or surgeons engaged in a same or similar line of practice, to be determined by expert testimony of physicians or surgeons qualified to speak as experts, and the jury must base their finding as to such question on testimony submitted by such physicians and surgeons as expert witnesses," was proper, in that it restricts the evidence of the initial and subsequent treatments of the injury, to the testimony of expert witnesses, none of whom were present at the time.

3. Special request No. 6 was properly refused because other charges sufficiently covered the rule as stated in said request.

4. In the former trial the evidence tended to prove that the use of the leg operated upon would be considerably shorter than before the accident, nevertheless it would be useable as a leg, and because of this fact the former verdict of the jury was excessive. The evidence in the second trial tended to prove the leg was absolutely useless, that the injury was permanent and Kessler would never be able to use the leg. The verdict being general, th jury must have found the condition of plaintiff's leg was the direct result of Loyer's treatment and not the result of the subsequent operation or any act of Kessler's, and hence there is a substantial difference in the evidence in the second trial as to th amount of damages suffered by Kessler.

5. From the evidence, $8000 is not excessive, and the judgment of the lower court is affirmed.

Attorneys—Smith, Baker, Effler & Eastman, Toledo, and Edward J. Myers, Bucyrus, for Loyer. Benjamin Meck and Chester A. Meck, Bucyrus, for Kessler.