Jones, J.
 

 After judgment was secured by the plaintiff below at the second trial, the insurance company did not contest in the Court of Appeals the amount of recovery for the single indemnity, but challenged only the amount of recovery upon the insured’s double indemnity clause; and that is the only legal contention made by the company in this court. Motions of the defendant below for a directed verdict at the close of
 
 *103
 
 the plaintiff’s evidence, and renewed at the close of the entire evidence, were overruled by the trial court. Three claims of prejudicial error are advanced in this court by the plaintiff in error: (1) That the insurance company was entitled to have its motions for a directed verdict sustained by the trial court; (2) that the court erred in its charge on the double indemnity liability; and (3) that on the second hearing the Court of Appeals erroneously applied the doctrine “the law of the case,” in sustaining its judgment of affirmance.
 

 Chronologically, the history of the case is as follows: In July and September, 1930, the insured consulted with two physicians about an abdominal disturbance. Both of those physicians found that she was suffering from chronic appendicitis and advised the removal of the appendix. On March 20, 1931, the insured consulted a third physician who, after several weeks’ supervision of her case, and upon finding that the insured had costiveness for some time previously, determined that an operation for appendicitis was necessary, and on that date he removed the appendix. He testified that he found that her appendix was normal and that its removal was a very minor operation. On June 19, 1931, the insured violently fell on the polished hardwood floor of her apartment, the fall causing her to cry. She was assisted upstairs by her husband, but returned to work for her employer that day, and continued to work until July 7, 1931, when she was taken violently sick. One Dr. McBeth, a physician and surgeon, was called into consultation and on July 10,1931, he made a diagnosis of the insured’s condition. Finding there was evidence of total obstruction of the bowels, he performed an operation on the insured’s abdomen, finding the bowels to be in a very serious condition. On August 9 he performed a second operation, and sought to alleviate her condition by making a bowel resection. The results from both operations were unfavorable to the patient and
 
 *104
 
 she died, as stated, on the 15th of the following month. This last physician, who had charge of her case from early in July until her death, testified that in his opinion the fall that she had on the floor of the apartment would cause the condition that he found in the abdomen, and that such condition was in no way attributable to her appendicitis trouble. He also testified that “there was no connection at all between the region of the appendix and the region of the trouble.” Whether the insured’s death resulted solely through external, violent and accidental means, or was caused directly or indirectly from illness or disease, was a question for the jury’s determination, and, in the light of the physician’s testimony above referred to, the trial court did not err in overruling the motions of the defendant for a directed verdict.
 

 The trial court, in his charge to the jury, placed upon the plaintiff below the burden of proof respecting recovery upon the double-liability clause of the policy. In his charge he stated that the plaintiff was required to prove by preponderance of the evidence “that the death of the decedent was accidental; that the decedent met with an accident, and that her. death was due to that accident, and within the conditions or terms of the policy.” In several instances in the charge, he stated that plaintiff was required to furnish preponderating proof that the decedent received an accident and that she “died as the result of an accident.” Complaint is made that the court should have further charged the jury to the effect that if they found that the death did not result wholly from the accident, or if illness or disease contributed thereto, or if they found that death did not result from violent and accidental means and independently of other causes, their verdict should be for the defendant. Since the court charged that the jury must find that the insured’s death resulted from the accident or fall and that her death was due to such accident, it became the duty of
 
 *105
 
 counsel for the defendant below to request its negative, to wit: That if the death did not result solely through accidental means, the verdict should be for the defendant. They made no such request. At the close of his charge, the court asked counsel on both sides whether they had anything further to suggest. Counsel for the insurance company then said: “We have nothing,” although they later excepted generally to the charge.
 

 We cannot say, from the language employed by the trial court, that the charge misled the jury. If any error intervened on the part of the trial court it was one of omission rather than commission, and it became the duty of counsel to call the attention of the court to such omission and to request such further instructions as they might desire.
 
 Columbus Ry. Co. v. Bitter,
 
 67 Ohio St., 53, 65 N. E., 613;
 
 State
 
 v.
 
 McCoy,
 
 88 Ohio St., 447, 103 N. E., 136.
 

 Counsel for both sides have presented and at some length have argued to this court the doctrine commonly known as “the law of the case.” Plaintiff in error contends that the first and second propositions of the syllabus in
 
 Gohman
 
 v.
 
 City of St. Bernard,
 
 111 Ohio St., 726, 146 N. E., 291, 41 A. L. R, 1057, are not sound law and should be overruled. With equal vigor, counsel for defendant in error insists that those paragraphs should be sustained. The question is thus presented. On the second rehearing, the appellate court, in affirming the second verdict and judgment, in its opinion said: ‘ ‘ The second trial was had in substantial conformity with the former decision of this court. The doctrine of the law of the case is therefore applicable, and pursuant to it the judgment will not be disturbed. Ill O. S., 726.” The procedural doctrine announced in
 
 Gohman
 
 v.
 
 City of St. Bernard, supra,
 
 is not consonant with the principles of judicial procedure upheld not only in Ohio but by the United States Supreme Court, as shown 'by those cases re
 
 *106
 
 ported on pages 760 and 769 of the dissenting opinion in the foregoing case. The claim that an erroneous declaration of the law pronounced by an inferior court can forestall review by our state Supreme Court rests upon a doctrine which is repugnant not only to our established judicial system providing for a Supreme Court as the last court of review, but also to Section 2, Article IV of our State Constitution, which expressly empowers the Supreme Court with authority to “review, and affirm, modify or reverse the judgment of the courts of appeals.” The propositions of law announced in the first and second paragraphs of the syllabus in
 
 Gohman
 
 v.
 
 City of St. Bernard, supra,
 
 are overruled. However, in any view, the law of the case cannot be here considered, since we have found the decision and judgment of the Court of Appeals not to be erroneous. It is only in cases where the appellate court has in its former hearing erroneously determined the law of the case and adhered to such determination at a later hearing, and has committed prejudicial error in so doing, that this court will review such determination. If the appellate court has correctly pronounced the law of the case, of course its former determination will not be disturbed. In this case, the appellate court committed no error in applying the law or in affirming the judgment of the
 
 nisi prius
 
 court. Its judgment will be affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Stephenson and Matthias, JJ., concur.
 

 Williams, Day and Zimmerman, JJ., concur in proposition one of the syllabus and in the judgment.