CITY OF MINGO JUNCTION *v.* BIRCH, A MINOR.

(Decided July 24, 1935.)

*Mr. Hugo Alexander* and *Mr. A. G. Leonard,* for plaintiff in error.

*Messrs. Brown & Ong,* for defendant in error.

NICHOLS, J.  On the 28th day of January, 1933, at or about 8:30 o'clock p. m., Doris Birch, the plaintiff, was riding, as a guest, in an automobile which was proceeding northerly on what was then known as Clifton avenue in the city of Mingo Junction, Ohio, at which time the car in which plaintiff was riding went over an embankment on the east side of Clifton avenue, and rolled down a steep declivity, landing on the tracks of the Pennsylvania Railroad Company, and resulting in serious injuries to the plaintiff.

The plaintiff contended that the accident causing her injuries was proximately caused by the condition of disrepair in which Clifton avenue then was, and the failure of the defendant to place guard rails or warnings at the site of the declivity.  The defendant contended that the street where the accident occurred was, at the time of the accident, in proper repair, of ample width to take care of all traffic, and that the proximate cause of the accident, resulting in plaintiff's injuries, was not negligence on the part of the city, but was the sole negligence of the operator of the automobile in driving it off the road, and without any contributing fault or cause on the part of the city.

The plaintiff, in her petition, alleged: "That there

is and was at all times hereafter mentioned a certain duly dedicated public highway in said village called Clifton avenue.''

In answering to the above quoted allegation of the petition, the defendant used the following language: ''Defendant also admits that there is and was, at all times mentioned in the plaintiff's petition, a certain duly dedicated public highway in said village called Clifton avenue.''

Subject to this last quoted admission and the further admission of its corporate identity, the defendant denied each and every other allegation of plaintiff's petition, and for a second defense the defendant plead contributory negligence of the plaintiff, which was denied by the reply.

Upon the issues made, a trial was had in the Court of Common Pleas of Jefferson county and a verdict rendered in favor of the plaintiff for $5,000, upon which verdict judgment was entered, a motion for a new trial having been overruled, and subsequently error proceedings were instituted in this Court of Appeals and the judgment of the Common Pleas Court was, by this Court of Appeals, reversed and the cause remanded for a new trial. A new trial was had in the Common Pleas Court, and, on this second trial, a verdict was rendered in favor of the plaintiff in the sum of $3,500. Judgment was entered upon this verdict, motion for a new trial being overruled by the trial court, and error is again prosecuted to this Court of Appeals. Ten grounds of error are alleged in the petition in error, as follows:

''1st. The court erred in overruling the motion for a new trial.

''2nd. The court erred in admitting incompetent evidence offered by the plaintiff below, to which objection was made by the defendant below and exceptions then and there taken.

"3rd. That said judgment is not sustained by the evidence.

"4th. That said judgment is contrary to the weight of the evidence.

"5th. That said judgment is contrary to law.

"6th. That the court erred in refusing to give to the jury special charges submitted to the court by the defendant below, before arguing, to which refusal and ruling of the court, the plaintiff in error then and there excepted.

"7th. The court erred in overruling the motion of the plaintiff in error to direct a verdict at the close of the testimony of the plaintiff below.

"8th. The court erred in overruling the motion of the plaintiff in error to direct a verdict at the close of the testimony of the case.

"9th. For all other errors on the face of the record prejudicial to the rights of the plaintiff in error.

"10th. The court erred in overruling a motion of the plaintiff in error to strike from the record the testimony of certain expert witnesses who testified for the plaintiff below."

In the prosecution of the present error proceeding all of these grounds of error, excepting that relating to the admission of incompetent evidence, are based upon the claim by plaintiff in error that the hereinbefore quoted allegations of the petition and admissions of the answer are insufficient to establish that Clifton avenue is and was a public street under the care and control of the council of the city of Mingo Junction, it being conceded that plaintiff offered no evidence showing that any dedication of said Clifton avenue to public use had ever been accepted and confirmed by the municipal corporation by an ordinance specially passed for such purpose by the council of said city, as provided in Section 3723, General Code, which we quote:

"No street or alley dedicated to public use by the

proprietor of ground in any corporation, shall be deemed a public street or alley, or under the care or control of the council, unless the dedication is accepted and confirmed by an ordinance specially passed for such purpose.''

By brief and upon the oral argument of this case counsel for plaintiff in error confined its claim of prejudicial error upon two propositions: (1) That at the close of plaintiff's case, and at the close of all the evidence, there was no evidence offered or admitted that Clifton avenue was an accepted public street or alley under the care and control of the council of said city, as provided by Section 3723, General Code, and that, therefore, the motion made by the defendant below for a directed verdict in its favor at the conclusion of the evidence offered on behalf of the plaintiff, as well as the motion made by the defendant below for a directed verdict in its favor at the close of all the evidence, should have been sustained by the lower court, and that the court erred in its general charge to the jury in failing to charge upon the issue of acceptance of said street by the council, and that the lower court erred in refusing to give to the jury defendant's special request No. 3, which reads as follows:

''Ladies and Gentlemen of the Jury: The law of Ohio, General Code 3723, provides that no street dedicated to public use by the proprietor of ground in any corporation shall be deemed a public street or alley or under the care or control of the council unless the dedication is accepted and confirmed by an ordinance specially passed for such purpose, and if you find no evidence that the council of the city of Mingo Junction passed an ordinance accepting the dedication of Clifton avenue, then you will find for the defendant.''

(2) ''That the trial court erroneously permitted experts to testify to plaintiff's physical condition—to

give an opinion based entirely on subjective examination."

We will take up the consideration of the second proposition of error above set forth, to wit: the claim that incompetent evidence was admitted by the trial court.

In the brief of counsel for the plaintiff in error our attention is called to the testimony of Dr. Victor Biddle, medical expert for plaintiff below, who was asked a question which is found on page 230 of the bill of exceptions and which reads as follows:

"Q. What would be your opinion, doctor, as to this patient, if she were in an automobile accident and received a trauma on her jaw in the region of the dental branch of the trigeminal nerve; she had no pain in her head before; she had no pain in her face before; immediately after that there were wild, shooting, piercing, cutting pains beginning in paroxysms, I mean with intervals, and then shooting pains going from her face and her jaw to her head, and that has been keeping up and getting worse for more than a year, and at times the pain is almost continuous. What in your opinion caused that pain? A. I believe it would be 'res mota' assumed it was caused from the injury.

"Q. And how would you diagnose the pain? A. Neuralgia."

Again our attention is called to certain questions and answers propounded to and answered by Dr. Biddle, as shown in page 240 of the bill of exceptions, to wit:

"Q. Judging, Doctor, from the hypothetical question that I gave you before as to the pain that this young plaintiff has suffered, not what she has told you, but what I am telling you now, the pain commencing immediately after the injury to her jaw, as shown by her scar, sharp, shooting, knifing, piercing pains, burning like red hot iron pains, and in paroxysmal form, but almost continuous, and never without pain, and

growing worse in the past two years, what is your opinion as to whether in the future this plaintiff will be better or worse?

"Defendant objected to the question.

"The Court: Well, upon the theory that this testimony is supplied, it will be admitted.

"To which ruling of the court the defendant then and there excepted.

"A. The chances are she will become worse."

Our attention is again called to re-direct examination of Dr. Biddle, as shown on page 253 of the bill of exceptions, to wit:

"Q. Doctor, will you say that this girl has not tic douloureux? A. No, sir."

The several objections to these questions were overruled; motions made by the counsel for defendant below to strike the answers thereto from the record, and exceptions noted. It is claimed by plaintiff in error that the greater portion of this quoted testimony of Dr. Biddle was incompetent on the ground that it was not permissible for the doctor to take the history of the case from the plaintiff and include this history as part of the basis of his opinion, and that it was only permissible for the doctor to testify as to the objective symptoms observed by him upon examination of the plaintiff. In propounding these questions to Dr. Biddle, counsel for plaintiff was stating an hypothetical situation upon which the doctor was asked for his expert opinion. We have examined the record and find that the hypotheses upon which these questions were propounded were substantially shown by the evidence. We find no prejudicial error in this respect.

Upon cross-examination of Dr. Biddle, by counsel for the defendant, the doctor was asked the following question, as shown on page 251 of the record:

"Q. From your examination of Doris Birch, without having received any statements from her as to her complaints, as to the method of injury, as to any for-

mer or present condition, you as a reputable physician could not state to this court and jury that she is suffering from tic doulouroux, could you? A. No, sir.''

On re-direct examination, Dr. Biddle was asked the reverse of the above proposition, to wit:

''Q. Doctor, will you say that this girl has not tic douloureux? A. No, sir.''

As stated above, this question was objected to, the objection overruled, and exception noted. In view of the fact that the witness had not been asked, on cross-examination, *whether or not* he could say that the plaintiff had tic doulouroux, it may fairly be implied that the question asked upon redirect examination assumed the same basis upon which to state the answer. We find no prejudicial error in this respect. An examination of Dr. Biddle's testimony simply shows that he did not testify one way or the other as to whether the plaintiff had tic doulouroux.

We will now consider the matter of the alleged errors of the trial court based upon the proposition as to whether or not the dedication of Clifton avenue, as a public highway, had ever been accepted by the council of the city of Mingo Junction in the manner provided in Section 3723, General Code. It is urged by counsel for defendant in error that the errors founded upon this proposition can not *now* be presented in this court by reason of the fact that this case has once before been before this Court of Appeals, upon error prosecuted by the city of Mingo Junction, Ohio, and that all the questions raised in the petition in error now under consideration, relative to the acceptance of the dedication of Clifton avenue by the council of the city of Mingo Junction were raised, or could have been raised, at the former hearing in this court and have been decided, or could have been decided, by this Court of Appeals in its former decision; that no motion was filed in the Supreme Court of Ohio to certify the record of this court, and that the pronouncement of this court in

the former error proceeding became the law of the case.

In arriving at the proper conclusion of this phase of the case, we observe that the pleadings and issues remain identically as they were upon the first trial. The evidence upon the second trial, while not identical with that admitted in the first trial, is substantially the same. The record is identical in both trials in that no evidence was offered at either trial upon the question of the acceptance of the dedication of Clifton avenue by the council of the city of Mingo Junction. A comparison of the errors assigned in the first petition in error with those in the second petition in error discloses that the first, second, third, fourth, fifth, sixth and ninth grounds of error assigned in the present petition in error were incorporated in the former petition in error in identical language. Of the three remaining grounds of error enumerated in the present petition (7th, 8th & 10th) it is observed that the 7th and 8th assignments of error in the present petition, to wit: The overruling of the motions for directed verdict, were not set forth in the first petition in error, although like motions for directed verdict were made at the first trial. But it is apparent that if the first verdict was not sustained by the evidence, and was contrary to the weight of the evidence, then the trial court erred in overruling the motions made in the first trial for directed verdict and it is, therefore, plain that this court, in the first error proceeding, considered and decided that the allegations of plaintiff's petion, taken in connection with the admissions in defendant's answer, sufficiently sustained the issue that Clifton avenue, in the city of Mingo Junction, was a public street of the city, and that the council of the city was, by Section 3714, General Code, charged with the duty to keep the same open, in repair, and free from nuisance. This is made manifest by a reading

of the opinion of this court in the former error proceeding, from which we quote:

"The record in this case is rather voluminous but has been carefully read and considered and we have concluded that the judgment is sustained by, and is not contrary to, the weight of the evidence."

The grounds of reversal of the judgment rendered upon the first trial of this case are specifically stated in the journal entry of this court, as follows:

"First: The court erred in charging before argument to the jury, plaintiff's special request No. one.

"Second: In admitting proposed repairs of Clifton avenue from the record of the council of the plaintiff in error of date June 15, 1934."

It necessarily follows that this court, upon the former error proceeding, found that no prejudicial error existed in the record other than the two errors specifically set forth in the journal of this court, and that, as a question of law, this court of appeals has found and determined that the motions for directed verdict made at the first trial were properly overruled by the trial court and that Clifton avenue was a duly established public street in the city of Mingo Junction, Ohio.

In the case of *Mestetzko* v. *Elf Motor Co.*, 119 Ohio St., 575, 165 N. E., 93, the Supreme Court of Ohio has laid down the following proposition:

"Where the grounds of reversal are specifically stated, this court will treat those as the only ones upon which the reversal was placed, though it be not stated that no other errors were found in the record."

Were it not for the recent decision in the case of *New York Life Ins. Co.* v. *Hosbrook*, 130 Ohio St., 101, 196 N. E., 888, decided by the Supreme Court of Ohio July 3, 1935, wherein but four judges concur, we would have no hesitancy in finding and holding that the city of Mingo Junction can not, in the present error proceeding, urge as error that which has already been de-

cided to be the law of this case. Until this most recent expression of the majority members of the Supreme Court of Ohio the doctrine of "the law of the case," as laid down in the first two paragraphs of the syllabus in the case of *Gohman* v. *City of St. Bernard*, 111 Ohio St., 726, 146 N. E., 291, 41 A. L. R., 1057, has been considered well established as a procedural doctrine in no way abridging or infringing upon the constitutional power and authority of the Supreme Court to "review, and affirm, modify or reverse the judgment of the court of appeals."

In the case of *New York Life Ins. Co.* v. *Hosbrook, supra*, the Supreme Court now undertakes, in its syllabus and in the opinion, to overrule the propositions of law announced in the first and second paragraphs of the syllabus in *Gohman* v. *City of St. Bernard, supra.* Commenting upon the majority opinion in the case of *New York Life Ins. Co.* v. *Hosbrook, supra,* we quote therefrom:

"However, in any view, the law of the case cannot be here considered, since we have found the decision and judgment of the Court of Appeals not to be erroneous. It is only in cases where the appellate court has in its former hearing erroneously determined the law of the case and adhered to such determination at a later hearing, and has committed prejudicial error in so doing, that this court will review such determination. If the appellate court has correctly pronounced the law of the case, of course its former determination will not be disturbed."

From this quoted language it is apparent that, in the determination of the case of *New York Life Ins. Co.,* v. *Hosbrook, supra,* it was not necessary to a decision thereof that the propositions of law announced in the first and second paragraphs of the syllabus in *Gohman* v. *City of St. Bernard, supra,* be overruled; nor was it necessary to a decision of the case that the doctrine of "the law of the case" be considered, and hence we are

left in doubt whether in fact the propositions of law announced in the first and second paragraphs of the syllabus in *Gohman* v. *City of St. Bernard, supra,* are overruled. We have been repeatedly told by the Supreme Court that nothing in its opinions or syllabi shall be taken as binding precedent unless the same were necessary to a decision of the case. But we may gather from the dissenting opinion of Jones, J., in the case of *Gohman* v. *City of St. Bernard, supra,* and from the opinion written by Jones, J., on behalf of the majority members of the Supreme Court in the case of *New York Life Ins. Co.* v. *Hosbrook, supra,* that the doctrine of the "law of the case" does apply unless we are very clearly satisfied that the prior decision of this court was erroneous.

We come, then, to determine whether this court, in the former error proceeding, clearly erred in finding that the allegations of plaintiff's petition, taken together with the admissions of defendant's answer, which we have hereinbefore quoted, were sufficient in themselves to show that Clifton avenue in the city of Mingo Junction was a public street under the care or control of the council of that city, there being no evidence in the first record showing an acceptance of any dedication of Clifton avenue by the council of the city by an ordinance specially passed for that purpose. In considering the sufficiency of the allegations of plaintiff's petition, taken in connection with the admissions of the defendant in its answer, let us suppose that instead of the word "dedicated" used in the petition and as well in the answer, there had been used the word "established," so that the allegations of the petition would then read:

"That there is and was at all times hereafter mentioned a certain duly established public highway in said village called Clifton avenue."

It must be conceded that the admission by the defendant of this last mentioned allegation would have

rendered unnecessary the introduction of any evidence to show that Clifton avenue was a public street under the care and control of the council.

Again, let us suppose that the petition had omitted entirely the words "duly dedicated" and had read as follows: "That there is and was at all times hereafter mentioned a certain public highway in said village called Clifton avenue."

It must likewise be conceded that the admission by defendant of this last quoted language would have rendered proof unnecessary for the purpose of showing that Clifton avenue was a public street under the care or control of the council. It will be noted that Section 3714, General Code, provides that "the council shall have the care, supervision and control of public highways, streets, avenues, alleys, sidewalks * * * within the corporation, and shall cause them to be kept open, in repair, and free from nuisance."

The defendant below, in its answer, admits that Clifton avenue is and was a public highway in the city of Mingo Junction, and it seems to us that the words "duly dedicated," used in the petition and answer, are immaterial and were so considered by this court upon the first error proceeding.

If the answer of the defendant had denied that Clifton avenue was a public highway of the city of Mingo Junction, we have no doubt that the plaintiff below would have been required to establish by the evidence that Clifton avenue was such public street in that city; if it were the fact that the land whereon Clifton avenue was located had been dedicated by the owner to public use, then the plaintiff would have had to go further and prove that such dedication had been accepted and confirmed by the council by an ordinance specially passed for that purpose; if the land had been acquired by the city for street purposes under its power of eminent domain, the proof of plaintiff, in the absence of admission in the answer, would have to so

show. But when, as in this case, the city admits in its answer that the highway in question is a public highway, we think it immaterial to show the manner in which it became a public highway, whether by dedication and acceptance or by the exercise of the power of eminent domain. The allegations of plaintiff's petition aver negligence upon the part of the city in not keeping Clifton avenue in repair. The defendant below, in its answer, specifically denies such negligence and makes the further defense of contributory negligence of the plaintiff. There is an abundance of evidence in the record offered without objection by both plaintiff and defendant showing that Clifton avenue was permanently improved by the council of Mingo Junction in 1906, and has been used by the public ever since, and continuously since 1906 Clifton avenue has been improved by the council and street lights and sidewalks have been erected thereon; but we do not deem it necessary here to determine the manner by which Clifton avenue became a public street, since the answer admits that it is a public highway in the city.

We conclude that by its answer the city waived the question of the acceptance of the dedication of Clifton avenue by the council of Mingo Junction and conceded that the same was a public street therein, of which the council was charged with the duty to keep in repair.

An examination of the record made, upon the first trial, as well as the brief for plaintiff in error in the first error proceeding, indicates that no error was urged by the city in the first error proceeding on the ground that the dedication of Clifton avenue had not been accepted by the council in the manner provided in Section 3723, General Code, and for this reason also we conclude that counsel for the city waived this question and up to that point, at least, conceded that the admissions of the answer and the allegations of the petition were sufficient to charge the city with the duty to keep Clifton avenue in repair. If the question was waived

in the former error proceeding, then this court committed no prejudicial error when it found that the first judgment was not against the weight of the evidence, but was sustained by the evidence, considering the answer as an admission by the city that Clifton avenue is, and was, a public highway of the city. We refer to the first and second paragraphs of the syllabus in the case of *Pollock* v. *Cohen*, 32 Ohio St., 514:

"1. Questions, other than such as affect jurisdiction, will not be reviewed in a court of last resort, which were omitted to be presented to the district court when sitting as a court of error on final judgments rendered by the Court of Common Pleas.

"2. Questions of error, not specifically assigned, are presumed to be waived by a party who claims there is error, to his prejudice, in the record."

We quote further from the opinion in the case of *Pollock* v. *Cohen, supra*:

"It is well settled by authority, and is a doctrine sound in principle, that all questions which existed on the record, and could have been considered on the first petition in error, must ever afterward be treated as settled by the first adjudication of the reviewing court.

"The time should come, in the history of a cause, when litigation must end. If the failing party was allowed to prosecute a new petition in error, on the same record, whenever he imagined he had discovered a new ground of error not previously assigned, litigation would be interminable. Such a practice would violate well-settled principles of law and be against public policy."

We note that the Supreme Court, in *New York Life Ins. Co.* v. *Hosbrook, supra,* does not overrule *Pollock* v. *Cohen, supra,* and it is apparently conceded that either party may waive his right to claim error and be thereafter bound by a determination of the review-

ing court on questions which were omitted to be presented to that court when sitting as a court of error.

Since from our careful examination of the record upon the first trial and the briefs of counsel for the city in the first error proceeding, we find that the city did not even once claim that Clifton avenue was not a public street of the city, of which it was charged with the duty to keep in repair, but at all times prior to the second trial admitted and conceded that Clifton avenue was a public highway of the city, and for the further reasons hereinbefore set forth, we find no prejudicial error in the refusal of the court, on the second trial, to sustain the motions of plaintiff below for a directed verdict at the conclusion of the testimony for plaintiff and at the conclusion of all the testimony; or in the refusal of the court to charge upon the subject of the acceptance of Clifton avenue by the council of the city of Mingo Junction, or to give the special request of defendant below to charge that such acceptance must be shown to be made in accordance with the provisions of Section 3723, General Code. We have considered all of the errors assigned upon this second proceeding in error and find no error prejudicial to plaintiff in error upon the record, and that substantial justice has been done. The judgment of the trial court is, therefore, affirmed.

*Judgment affirmed.*

CARTER and ROBERTS, JJ., concur.