**PORTER, Appellant,**

v.

**LITIGATION MANAGEMENT, INC. et al., Appellees.**

[Cite as *Porter v. Litigation Mgt., Inc.*, 146 Ohio App.3d 558, 2001-Ohio-4298.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 78944.

Decided Sept. 20, 2001.

Dale A. Bernard, for appellant.

Kaufman & Cumberland and Thomas L. Feher, for appellees.

---

ANN DYKE, Judge.

{¶ 1} Pursuant to R.C. 2505.02(B)(4), plaintiff-appellant, Dorothy Porter ("appellant") appeals from the order of the trial court compelling production of her medical and psychological records. The narrow focus of this court is to determine which records are subject to discovery pursuant to R.C. 2317.02(B) and

Civ.R. 26(B)(1). For the following reasons, we affirm the judgment of the trial court and remand for further proceedings.

{¶ 2} Appellant was terminated from employment with defendant-appellee Litigation Management, Inc. ("LMI") Appellant filed an action against LMI for breach of contract, breach of implied contract, promissory estoppel, fraud, and various other causes of action. Appellant's other tort claims were dismissed. LMI filed a motion to compel appellant to answer discovery related to her physical and mental state during her employment. Appellant filed a motion for a protective order. The trial court granted LMI's motion and denied plaintiff's motion for protective order. On appeal appellant contended that allowing LMI unlimited access to privileged medical and psychological information was an abuse of discretion where she made no claims for physical or mental injuries. Acknowledging physician-patient privilege issues and recognizing the competing interests of the parties, this court held that "Porter's claims do not directly place her physical or mental condition at issue. *Notwithstanding,* LMI insists that Porter's mental health was at issue in the instant case because she was terminated for 'irrational and inflammatory behavior.'" (Emphasis added.) See *Porter v. Litigation Mgt., Inc.* (May 11, 2000), Cuyahoga App. No. 76159, 2000 WL 573197. Upon remand, this court directed the trial court "to conduct an in camera inspection of the requested medical records to determine which records, if any, were pertinent to LMI's defense." Id.

{¶ 3} After an in camera inspection of appellant's medical records, the trial court, in a journal entry filed on November 28, 2000, found that all of appellant's Cleveland Clinic medical and psychological records from 1990–2000 were relevant to the case.

{¶ 4} A further recitation of the facts of this matter are set forth in this court's opinion in the first appeal of this case, *Porter I.*

{¶ 5} Porter filed a timely notice of appeal with this court, citing two assignments of error:

## I

{¶ 6} "Trial court erred and abused its discretion when it granted defendant's motion to compel (and overruled plaintiff's motion for protective order) by allowing defendant nearly unlimited access to privileged medical and psychological information where this court previously held plaintiff did not make her condition an issue by making claims for physical or mental injuries."

## II

{¶ 7} "Trial court further erred and abused its discretion when it granted defendant's motion to compel and denied plaintiff's motion for protective order

since it did so without limitation when defendant's requests are additionally objectionable as they are vastly overbroad."

{¶ 8}   In her first and second assignments of error, Porter argues that the trial court abused its discretion when it determined after an in camera review that all of the appellant's medical and psychological records were relevant and discoverable.

{¶ 9}   We first address LMI's contention that this appeal should be dismissed under the "law-of-the-case doctrine." The law-of-the-case doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels. *Nolan v. Nolan*, 11 Ohio St.3d 1, 11 OBR 1, 462 N.E.2d 410, citing *Gohman v. St. Bernard* (1924), 111 Ohio St. 726, 730, 146 N.E. 291, reversed on other grounds in *New York Life Ins. Co. v. Hosbrook* (1935), 130 Ohio St. 101, 3 O.O. 138, 196 N.E. 888; *Gottfried v. Yocum* (App.1953), 72 Ohio Law Abs. 343, 345, 58 O.O. 446, 133 N.E.2d 389.

{¶ 10}   The doctrine is generally considered a rule of practice rather than a binding rule of substantive law and will not be applied so as to achieve unjust results. *Nolan,* supra, citing *Gohman,* supra, at 730–731. However, the rule is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of courts as designed by the Ohio Constitution. See *State ex rel. Potain v. Mathews* (1979), 59 Ohio St.2d 29, 32, 13 O.O.3d 17, 391 N.E.2d 343.

{¶ 11}   In pursuit of these goals, the doctrine functions to compel trial courts to follow the mandates of reviewing courts. See, e.g., *State ex rel. Special Prosecutors v. Judges* (1978), 55 Ohio St.2d 94, 9 O.O.3d 88, 378 N.E.2d 162; *Charles A. Burton, Inc. v. Durkee* (1954), 162 Ohio St. 433, 55 O.O. 247, 123 N.E.2d 432; *Schmelzer v. Farrar* (1976), 48 Ohio App.2d 210, 212, 2 O.O.3d 178, 356 N.E.2d 751; *Miller v. Miller* (1960), 114 Ohio App. 234, 19 O.O.2d 108, 181 N.E.2d 282. Thus, where at a rehearing following remand a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court is bound to adhere to the appellate court's determination of the applicable law. See, generally, *Thomas v. Viering* (App.1934), 18 Ohio Law Abs. 343, 344, 1934 WL 2629; *Loyer v. Kessler* (App.1925), 3 Ohio Law Abs. 396.

{¶ 12}   With regard to the law of this case, this court has previously determined that the records which are "pertinent to LMI's defense" or otherwise relate to the issues of the case may be discovered pursuant to R.C. 2317.02(B)(3). This court did not, however, make a final determination as to which particular

records were relevant as a matter of law. LMI's contention that this case should be dismissed under the "law of the case" doctrine is thus without merit.

{¶ 13}   Pursuant to Ohio Civ.R. 26(B)(1):

{¶ 14}   "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery. * * * It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."

{¶ 15}   A trial court has broad discretion in controlling the discovery process. See, e.g., *BFI Waste Sys. of Ohio v. Garfield Hts.* (1994), 94 Ohio App.3d 62, 75, 640 N.E.2d 227, citing *Stegawski v. Cleveland Anesthesia Group, Inc.* (1987), 37 Ohio App.3d 78, 523 N.E.2d 902. Absent an abuse of discretion, an appellate court may not overturn the trial court's ruling on discovery matters. *Feichtner v. Cleveland* (1994), 95 Ohio App.3d 388, 397, 642 N.E.2d 657, citing *Vinci v. Ceraolo* (1992), 79 Ohio App.3d 640, 607 N.E.2d 1079.

{¶ 16}   This court has held that an in camera review by the trial court is also reviewed under an abuse-of-discretion standard. *Wall v. Ohio Permanente Med. Group, Inc.* (1997), 119 Ohio App.3d 654, 695 N.E.2d 1233. Abuse of discretion connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Tracy v. Merrell Dow Pharmaceuticals, Inc.* (1991), 58 Ohio St.3d 147, 569 N.E.2d 875, citing *Berk v. Matthews* (1990), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301; *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 404 N.E.2d 144, *Steiner v. Custer* (1940), 137 Ohio St. 448, 19 O.O. 148, 31 N.E.2d 855.

{¶ 17}   In the case sub judice, the trial court did not abuse its discretion in allowing LMI access to the appellant's Cleveland Clinic medical and psychological records. A careful reading of the records indicates that the information contained therein is relevant to the issues in the case, and therefore is discoverable under Civ.R. 26(B)(1). These records contain information that is relevant to LMI's defense that Porter may have acted "irrationally" while employed at LMI. They seem to indicate that Porter had difficulty with previous employers and may have manifested a pattern of behavior consistent with LMI's contentions. As such, the judgment of the trial court is affirmed.

Judgment affirmed.

MICHAEL J. CORRIGAN, P.J., concurs.

JAMES J. SWEENEY, J., concurs separately.

JAMES J. SWEENEY, Judge, concurring.

{¶ 18} I join in the majority opinion that affirms the trial court's discovery orders under the law-of-the-case doctrine. Given the privileged nature of the information at issue, I feel compelled to emphasize that the narrow exception to physician-patient privilege allowed here during the discovery phase of the litigation is confined to the unique factual circumstances presented in this case.

{¶ 19} I would also re-emphasize the previous directives of this court that " '[o]nly those communications (which includes medical records) that relate causally or historically to the injuries relevant to the civil action may be discovered.' " *Porter v. Litigation Mgt., Inc.* (May 11, 2000) Cuyahoga App. No. 76159, 2000 WL 573197, citing *Ward v. Johnson's Indus. Caterers, Inc.* (June 25, 1998), Franklin App. No. 97APE11–1531, 1998 WL 336786.