[Cite as *Jones v. Jones*, 2026-Ohio-5.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| DIANA LYNN JONES | : | |
| | : | C.A. No. 30508 |
| Appellee | : | |
| | : | Trial Court Case No. 2016 DR 00127 |
| v. | : | |
| | : | (Appeal from Common Pleas Court- |
| JEFFREY T. JONES | : | Domestic Relations) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on January 2, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____
MICHAEL L. TUCKER, JUDGE

HUFFMAN, J., and HANSEMAN, J., concur.

THOMAS G. EAGLE, Attorney for Appellant
CHARLES W. SLICER, III, Attorney for Appellee

TUCKER, J.

{¶ 1} Defendant-appellant Jeffrey T. Jones appeals from a judgment of the Montgomery County Court of Common Pleas, Domestic Relations Division, which awarded him interest on the judgment amount of $1,770.46, with this amount being the difference between the marital assets awarded appellant and appellee. For the reasons set forth below, we affirm.

## I. Factual and Procedural History

{¶ 2} Jeffrey and Diana Jones were married in 2008. In 2016, Diana filed a complaint for divorce. The initial Final Judgment and Decree of Divorce was filed in June 2019, and three amended decrees have been filed. This appeal is their fifth appearance before this court in relation to the divorce litigation. For an in-depth history, see *Jones v. Jones*, 2019-Ohio-2355 (2d Dist.) ("*Jones I*"); *Jones v. Jones*, 2020-Ohio-6851 (2d Dist.) ("*Jones II*"); *Jones v. Jones*, 2022-Ohio-3074 (2d Dist.) ("*Jones III*"); and *Jones v. Jones*, 2024-Ohio-4506 (2d Dist.) ("*Jones IV*").

{¶ 3} Relevant hereto, during the second appeal, this court determined that settlement proceeds received by Diana from a civil lawsuit constituted marital property to be considered in the trial court's division of property. *See Jones II*, ¶ 36. On remand, the trial court entered a new decree and judgment in which it used November 14, 2017, the last date of the marriage and the date of the final hearing, as the valuation date for the settlement proceeds. The trial court determined that the value of the proceeds was $403,000 and that

2

Jeffery was entitled to one-half of that amount. The court then concluded that Jeffrey owed Diana the sum of $256,567.08 as her share of various real properties and farm equipment in his possession and that Diana owed Jeffrey the sum of $258,337.54 as his share of the settlement proceeds and various other assets in her possession. Finally, the court, in order to equalize the property division, ordered Diana to pay Jeffrey the sum of $1,770.46 ($258,337.54 - $256,567.08). Jeffrey filed a timely appeal contesting both the valuation of the proceeds as well as the failure to award him interest on his share of the settlement proceeds.

{¶ 4} By decision dated September 2, 2022, we approved the trial court's decision regarding the valuation date of the settlement proceeds as well as the amount of that valuation. However, we reversed the decision and remanded the matter to the trial court with respect to the issue of interest owed on the settlement proceeds. Specifically, we stated:

> Jeffrey was entitled to any investment earnings accrued over the statutory interest rate on his $201,500 portion of the settlement proceeds after the valuation date utilized by the trial court, November 14, 2017. Jeffrey's fourth assignment of error is therefore sustained. On remand the trial court shall hold a hearing to determine the investment earnings accrued over the statutory interest rate, if any, on Jeffrey's marital portion of the settlement proceeds, and it shall render judgment regarding any additional amount he is owed, using the valuation date of November 14, 2017, as a starting point for calculations. But if the investment income was less than the amount realized using the statutory interest rate, Jeffrey is instead entitled to interest at the statutory rate starting on November 14, 2017.

3

. . .

> The matter is remanded to the trial court for a hearing to determine whether investment earnings on the settlement proceeds, if any, exceeded the statutory interest rate; the court will then render judgment based on either the investment earnings or the statutory interest rate attributable to Jeffrey's marital portion of the settlement proceeds.

*Jones III*, ¶ 30, 38.

{¶ 5} Following remand, the magistrate conducted a hearing and issued a decision on August 11, 2023. The magistrate concluded that Jeffrey was entitled to interest on the judgment amount of $1,770.46 rather than the $201,500 value of his one-half of the settlement proceeds. The magistrate ordered Diana to pay Jeffrey the $1,770.46 judgment amount as well as $87.62 in interest, which was calculated based upon the relevant statutory rates in effect. Jeffrey filed timely objections to the magistrate's decision.

{¶ 6} While the objections were pending, the magistrate conducted a hearing on a motion for contempt for Jeffrey's failure to pay spousal support. Jeffrey argued that he should be excused from paying spousal support as the amount owed to him by Diana would offset his entire spousal support obligation. The magistrate filed a decision finding Jeffrey in contempt for failing to pay spousal support as ordered. The trial court affirmed and adopted the magistrate's decision, and Jeffrey filed a timely notice of appeal.

{¶ 7} This court affirmed the finding of contempt. In doing so, we set forth the following discussion of the August 2023 magistrate's decision regarding interest as it related to Jeffrey's stated defense to contempt:

> The magistrate noted that the March 14, 2022, final decree "ends with one global order to equalize the property division," with Diana owing Jeffrey

$1,770.46 within 90 days as the "totality of the property division." The magistrate found that Jeffrey could "no longer claim an ownership of the [civil settlement] proceeds apart from what was awarded in the March 14, 2022, [Amended] Decree." The magistrate concluded that, although R.C. 1343.03(A) provides that a creditor is entitled to interest when money becomes due and payable on all judgments, decrees, and orders of any judicial tribunal for the payment of money, R.C. 1343.03(A) only applies to money that is due and payable.

Citing the "Payment of Property Division" section in the final decree, the magistrate found that Jeffrey's share of the settlement funds, $201,500, had not been due and payable from Diana to him. Likewise, Jeffrey had not been ordered to pay Diana for her share in any of his properties; "the division of property only shows what the other party owed to the other, not what the party is ordered to pay."

The magistrate concluded:

[Counsel for Jeffrey] argues that Jeffrey had not had the use of the settlement funds and so Diana should pay interest on his portion of $201,500 going back to the date of trial. This argument ignores the fact that Jeffrey also owed Diana $256,567.08 for her share in the marital property, which he was ordered to pay since [the first and second decrees], with no stays granted. So, while Jeffrey has not had the use and control of his share of the settlement funds, it is equally true that Diana has not had the use of the $256,567.08 which was awarded to her

5

as her share of the properties which remain in Jeffrey's possession and control. It is unjust and inequitable to order interest on only one portion of the property division, and ignore that both parties owe money to the other. Again, Diana was ordered to pay Jeffrey $1,770.46 within ninety (90) days of the filing of [the March 14, 2022 Decree]. Diana owed Jeffrey a definite money judgment on the $1,770.46, and R.C. 1342.03(A) can be applied.

. . .

On March 14, 2022, Decree IV ordered Diana to pay Jeffrey $1,770.46 within 90 days of filing. Though Decree IV was appealed, no stay was granted. Pursuant to R.C. 1342.03(A), Diana owes interest of 3% from June 14, 2022 through December 31, 2022 and interest of 5% in 2023. Therefore, in 2022 Diana owes Jeffrey $28.60 in simple interest and in 2023 Diana owes Jeffrey $59.02 in simple interest through August 31, 2023, for a total of $87.62. Diana shall pay Jeffrey the $1,770.46 as previously ordered, plus an additional $87.62 in interest by August 31, 2023.

This order fulfills the mandate for which the Court of Appeals remanded this matter, as a hearing was held to determine if there were any investment earnings accrued on the marital portion of the settlement proceeds. As stated, there are no marital investment proceeds found over the $403,000 as the

valuation date and the last date of marriage are the same day. Further, in that the Court of Appeals wanted interest ordered per R.C. 1342.03(A), it is found that Diana owes Jeffrey $1,770.46 as a definite money judgment and Jeffrey is entitled to interest from the time it was due and owing.

*Jones IV*, ¶ 11-13.

{¶ 8} In analyzing the contempt claim, we went on to state:

It is undisputed that Jeffrey had been ordered to pay spousal support throughout this matter, and it is also undisputed that he failed to do so. Thus, a prima facie case of contempt was established. Jeffrey asserts in defense that Diana owed him more than he owed her, based upon the civil settlement. When we remanded the matter in *Jones III*, 2022-Ohio-3074 (2d Dist.), we ordered the domestic relations court to "render judgment based on the investment earnings or the statutory interest rate attributable to Jeffrey's marital portion of the settlement proceeds" from November 14, 2017. *Id.* at ¶ 38. The magistrate then awarded Jeffrey statutory interest on $1,770.45, the net difference in the property division, and not on Jeffrey's portion of the settlement proceeds. We conclude that the magistrate correctly determined that Jeffrey was entitled to statutory interest pursuant to R.C. 1343.03(A) on the amount remaining after the parties' property was divided, not on his share of the civil settlement.

. . .

As the magistrate found, Jeffrey's share of the civil settlement had not been due and payable to him from Diana. R.C. 1343.03(A) states: "when

7

money becomes due and payable upon . . . all judgments, decrees, and orders of any judicial tribunal for the payment of money . . . the creditor is entitled to interest at the rate per annum determined pursuant to section 5703.47 of the Revised Code." The magistrate did not abuse its discretion in concluding that $1,770.46 was due and payable to Jeffrey, with interest on that amount, and that Jeffrey had not established a valid defense for his noncompliance with the spousal support order.

*Id.* at ¶ 32-33.

{¶ 9} On June 12, 2025, the trial court entered a decision and judgment affirming and adopting the magistrate's decision of August 11, 2023. It is from this judgment that Jeffrey now appeals.

## II.     Analysis

{¶ 10} Jeffrey's sole assignment of error states as follows:

THE TRIAL COURT ERRED IN THE DIVISION OF INVESTMENT EARNINGS ON THE PARTIES' MARITAL CIVIL SETTLEMENT.

{¶ 11} Jeffrey contests the trial court's decision awarding interest solely on the $1,770.46 owed to him by Diana rather than on his entire share of the settlement proceeds. In support, he argues that the magistrate failed to strictly comply with our order on remand as set forth in *Jones III*.

{¶ 12} R.C. 1343.03(A) provides that a creditor is entitled to statutory interest on a judgment only when the money becomes due and payable. This court has stated, "A party that receives a 'definite money judgment' with respect to obligations arising from a divorce decree is entitled to interest under this statute as a matter of law." *O'Quinn v. Lynn*, 1998 WL 801534, *6 (2d Dist. Nov. 20, 1998), quoting *Rizzen v. Spaman*, 106 Ohio App.3d 95,

111 (6th Dist. 1995). "The obligations, however, 'must be reduced to a lump sum judgment before interest can be awarded.'" *Id.* at 111.

{¶ 13} The amount owed by Diana to Jeffrey was not reduced to a money judgment until the entry of the fourth and final divorce decree filed on March 14, 2022. Specifically, as stated above, the court found that Jeffrey owed Diana the sum of $256,567.08 as her share of certain assets and that Diana owed Jeffrey the sum of $258,337.54 as his share of certain assets including his portion of the settlement proceeds. The court then ordered Diana to pay Jeffrey the difference between those amounts, $1770.46. The magistrate further recognized that "while Jeffrey has not had the use and control of his share of the settlement funds, it is equally true that Diana has not had the use of the $256,567.08 which was awarded to her as her share of the properties which remain in Jeffrey's possession and control. It is unjust and inequitable to order interest on only one portion of the property division and ignore that both parties owe money to the other." Magistrate's Decision, p. 9.

{¶ 14} We conclude the trial court correctly awarded interest to Jeffrey on the judgment amount of $1,770.46. Not only would it be contrary to R.C. 1343.03(A) to award interest on an amount not subject to a money judgment, but it would be inequitable to require Diana, under the facts of this case, to pay interest on the assets in her possession without subjecting Jeffrey to the same requirement. The result reached by the magistrate, and adopted by the trial court, was equitable and just as it accounts for the fact that both parties held assets to which the other did not have access. Thus, regardless of whether the magistrate, and then the trial court, strictly complied with our instructions, we conclude the correct result was reached as our order on remand was, simply put, incorrect to the extent it suggested that, beginning on November 14, 2017, interest was due on Jeffrey's one-half

9

($201,500) of the settlement proceeds.   The magistrate, as we recognized in *Jones IV*, and then the trial court correctly decided the issue.

{¶ 15} Finally, Jeffrey argues that our holding in *Jones III* constitutes the "law of the case" in regard to the issue of interest owed on the settlement proceeds.   From this, he contends the trial court as well as this court are bound by that holding.

{¶ 16} The "law of the case" doctrine "provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels."   *Hawley v. Ritley*, 35 Ohio St.3d 157, 160 (1988), quoting *Gohman v. St. Bernard*, 111 Ohio St. 726, 730 (1924), *rev'd on other grounds by New York Life Ins. Co. v. Hosbrook*, 130 Ohio St. 101 (1935).   "Briefly, the doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels."   *Id.*   Importantly, however, "[t]he doctrine is considered to be a rule of practice rather than a binding rule of substantive law and will not be applied so as to achieve unjust results."   *Id.*; *accord Lehrner v. Safeco Ins./Am. States Ins. Co.*, 2007-Ohio-795, ¶ 105 (2d Dist.).   Because we conclude that our reversal and remand in *Jones III* was incorrect, we also conclude that adhering to the law of the case doctrine in this instance would result in a manifest injustice.

{¶ 17} Accordingly, Jeffrey's assignment of error is overruled.

### III.     Conclusion

{¶ 18} Jeffrey's sole assignment of error being overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

HUFFMAN, J., and HANSEMAN, J., concur.

10