UNITED STATES

v.

Erik G. VASQUEZ, Gunner's Mate
(Guns) Seaman (E–3), U.S.
Naval Reserve.

NMCM 99 00051.

U.S. Navy–Marine Corps Court
of Criminal Appeals.

Sentence Adjudged 14 Sept. 1998.

Decided 19 Nov. 1999.

LCDR L. Higdon Macphee, JAGC, USNR, Appellate Defense Counsel.

LCDR Linda J. Lofton, JAGC, USN, Appellate Defense Counsel.

LT Danette L. Walker, JAGC, USNR, Appellate Government Counsel.

Before LEO, Senior Judge, ANDERSON and ROLPH, Appellate Military Judges.

LEO, Senior Judge:

In accordance with his pleas, the appellant was convicted at a special court-martial before a military judge alone of one specification of larceny, in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921 (1994). He was awarded a bad-conduct discharge, confinement for 75 days, forfeiture of $600 pay per month for 3 months, and reduction to pay grade E–1. After disapproving all confinement in excess of 50 days, the convening authority approved the remainder of the sentence as adjudged.

We have examined the record of trial, the assignments of error,[1] and the Government's response. We conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ.

## I. INADMISSIBLE SENTENCING EVIDENCE

The appellant contends that the military judged erred during sentencing by admitting improper aggravation evidence in the form of the appellant's request on an unrelated charge for an other-than-honorable discharge in lieu of trial by court-martial [OTH request].

■ "[A]dmission of presentencing evidence is limited by the R.C.M. 1001 rules and the Military Rules of Evidence, including Mil. R.Evid. 403." *United States v. Clemente*, 50 M.J. 36, 37 (1999). The standard of review for the admission or exclusion of evidence on sentencing is "whether the military judge clearly abused his discretion." *United States v. Zakaria*, 38 M.J. 280, 283 (C.M.A.1993).

The OTH request of 8 June 1998, admitted as Prosecution Exhibit 2, contained the appellant's admission of guilt with respect to an unrelated 212–day unauthorized absence, which had been referred to a special court-martial by a different convening authority on 5 June 1998. In offering the exhibit, the trial counsel explained that Prosecution Exhibit 2 for identification was "just like a prior court-martial, just like a prior NJP[;] it's a disposition of charges that the accused had earlier ..." Record at 21. The trial defense counsel objected, arguing that the exhibit was not admissible under RULE FOR COURTS-MARTIAL

---

1. I. THE MILITARY JUDGE VIOLATED MIL. R.EVID. 410 BY ALLOWING THE GOVERNMENT TO PRESENT IMPROPER AGGRAVATION EVIDENCE ON SENTENCING IN THE FORM OF APPELLANT'S ADMISSION OF GUILT TO A DIFFERENT CHARGE FROM DOCUMENTS FILED WITH THE CONVENING AUTHORITY SEEKING AN OTHER THAN HONORABLE DISCHARGE IN LIEU OF COURT-MARTIAL.

II. THE CONVENING AUTHORITY VIOLATED R.C.M. 1107(B)(1) AND SO LACKED THE AUTHORITY TO ACT IN THIS CASE BECAUSE HE INDICATED AN INFLEXIBLE ATTITUDE TO CLEMENCY ESSENTIALLY MAKING HIM AN ACCUSER IN APPELLANT'S POST-TRIAL REVIEW.

1001, Manual for Courts-Martial, United States (1998 ed.) as evidence of a prior conviction or prior service of the appellant. Record at 21.

The military judge subsequently overruled the defense objection stating:

> And my sense is under [R.C.M.] 1001(b)(2), the last sentence it says, "Such evidence includes copies of reports reflecting the past military efficiency, conduct, performance, and history of the accused and evidence of any disciplinary infractions, including punishments under Article 15." And "personnel records" includes virtually everything that is maintained in the course of required record keeping. I understand your objection, my sense is though that it's not just unconnected, unrelated, piece of negative information from your client's service record; that it does reflect in some fashion a *disposition* of certain offenses that's reflective of his service. It seems to fit within the personnel records exception and it explains to some degree his circumstance at the time of the offense for which he is here today. So I am going to overrule your objection and allow it in.

Record at 22 (emphasis added).

The argument made by the appellant is essentially twofold: (1) the OTH request is not a personnel record; and (2) the OTH request is inadmissible under Military Rule of Evidence 410, Manual for Courts-Martial, United States (1998 ed.).

██ We find, first of all, that this OTH request is a personnel record for purposes of R.C.M. 1001(b)(2). A personnel record documents "the past military efficiency, conduct, performance, and history of the accused." R.C.M. 1001(b)(2). An approved OTH request documents the personnel action taken by the cognizant convening authority with respect to a pending court-martial charge against an accused. Naval Military Personnel Manual, Art. 1910–106 (Ch–21, 01 Sept. 1998). In this case, Prosecution Exhibit 2 reflects the administrative *disposition* of a prior unauthorized absence offense.[2]

██ We note, however, that "R.C.M. 1001(b)(2) does not provide blanket authority to introduce all information that happens to be maintained in the personnel records of the accused." *United States v. Ariail*, 48 M.J. 285, 287 (1998). To be admissible, the exhibit must also be "relevant and reliable." *Id.* Without question, an accused's disciplinary record is relevant as to the character of his military service. An approved OTH request, such as Prosecution Exhibit 2, documents the disposition of the unauthorized absence offense in much the same way as a record of a prior conviction is documented by a promulgating order or a record of nonjudicial punishment by the completed mast report form. Additionally, the approved OTH request is the most reliable piece of evidence available to document the disposition of the unauthorized absence charge.

██ Second, we find that Mil.R.Evid. 410(a) is not applicable to this case. An OTH request is defined as a "statement made in the course of plea discussions." Mil.R.Evid. 410(b). Such a statement is inadmissible only when it does not result in a plea of guilty or when the plea of guilty is later withdrawn. Mil.R.Evid. 410(a)(4). Neither condition is met here. The appellant's OTH request was approved and the appellant was to receive such a discharge, unless superceded by the punitive discharge of this court-martial. Consequently, the unauthorized absence was no longer a pending charge subject to the provisions of Mil.R.Evid. 410(a).

Because we find that the military judge did not err in admitting Prosecution Exhibit 2 under R.C.M. 1001(b)(2), the assignment of error is without merit.

## II. CONVENING AUTHORITY DISQUALIFIED AS POST–TRIAL ACCUSER

In his second assignment of error, the appellant contends that the convening authority was disqualified to conduct the post-trial review in this case because he violated R.C.M. 1107(b)(1) and demonstrated an inflexible attitude towards clemency, thus making him an accuser. We disagree.

---

2. Prosecution Exhibit 2 shows that the appellant's request was approved by Commanding Officer, USS RANIER (AOE–7) on 17 June 1998.

In response to a request of 21 September 1998, from the appellant for deferment of the adjudged forfeitures and reduction in rank, as well as a waiver of all automatic forfeitures, the convening authority denied the request in a written response dated 1 October 1998, in which he explained the basis for the denial.[3] He concluded by stating, "Any request for deferment, regardless of the circumstances, would not be considered." Letter of Commanding Officer, Transient Personnel Unit, Puget Sound, WA. of 1 Oct. 1998.

With this concluding comment, the appellant asserts that the convening authority became an accuser because it demonstrated "a predisposition and inflexibility toward clemency which precluded at least the appearance of impartial consideration of post-trial clemency." Appellant's Brief of 12 July 1999, at 9.

R.C.M. 1107(b)(1) confers on the convening authority the sole discretion to act upon the findings and sentence "in the interests of justice, discipline, mission requirements, clemency, and other appropriate reasons" when conducting his post-trial review of a case. R.C.M. 1007(b)(1), Discussion. During this process, it is well established that "an accused has the right to an *impartial* review...." *United States v. Zaptin,* 41 M.J. 877, 880 (N.M.Ct.Crim.App.1995)(emphasis added). A convening authority may not conduct the post-trial review of a case if the facts and circumstances attendant to it would lead a reasonable person to impute to him a personal interest in the outcome of the case or a personal bias towards the accused.[4] *United States v. Voorhees,* 50 M.J. 494, 499

(1999); *United States v. Crossley,* 10 M.J. 376, 378 (C.M.A.1981); *United States v. Gordon,* 1 U.S.C.M.A. 255, 2 C.M.R. 161, 168, 1952 WL 1711 (1952).

We have examined the "demeanor, tone, and context" of the convening authority's comments to determine if he was an "accuser"[5] or if he evidenced an attitude of "impermissible bias" towards the appellant. *Voorhees,* 50 M.J. at 499. In his October 1st letter, the convening authority did, in fact, "consider" the appellant's deferment request, because he provided a detailed explanation as to why the request was denied. It is clear he intended to say that a deferment request would not be approved—rather than not be considered—for the reasons expressed in his letter. Although strongly worded, the convening authority's comments expressed nothing that would bar him from conducting the post-trial review in this case. *Id.* So long as the convening authority considered the deferment request, his denial of it was well within the exercise of his statutory discretion. Art. 60(c)(1), UCMJ.

Because we find that the convening authority did not violate R.C.M. 1107(b)(1), and was not an accuser, the assignment of error is without merit.

### III. DISPOSITION

Accordingly, we affirm the findings and sentence as approved on review below.

Judge ANDERSON and Judge ROLPH concur.

3. The letter stated, in pertinent part:
   "I find the adjudged sentence was just. More importantly, the insinuation that 'the military justice system has created a family that is without financial resources' is an insult to every member in uniform. The Navy provided SN Vasquez [with] fair compensation for his assigned duties in the form of a monthly paycheck. Had SN Vasquez not chosen to ignore his commitment to the UCMJ, he would be able to adequately provide for his child. Further, it is not the Navy's responsibility to support a member's fiancee ... Of note, SN Vasquez missed his assigned watch this past weekend and was UA from 0730, 28 Septem-

ber 1998[,] until 0730, 29 September 1998 ..."
   Letter of Commanding Officer, Transient Personnel Unit, Puget Sound, WA of 1 Oct. 1998.

4. "Personal interests relate to matters affecting the convening authority's ego, family, and personal property. A convening authority's dramatic expression of anger towards an accused might also disqualify the commander if it demonstrates personal animosity." *Voorhees,* 50 M.J. at 499.

5. An accuser includes "any [] person who has an interest other than an official interest in the prosecution of the accused." Art. 1(9), UCMJ.