UNITED STATES, Appellee

v.

Erik G. VASQUEZ, Gunner's Mate (Guns) Seaman
U.S. Navy, Appellant

No. 00-0224

Crim. App. No. 99-0051

United States Court of Appeals for the Armed Forces

Argued October 11, 2000

Decided January 12, 2001

GIERKE, J., delivered the opinion of the Court, in which
SULLIVAN, EFFRON, and BAKER, JJ., joined. CRAWFORD, C.J.,
filed an opinion concurring in part and dissenting in part.

<u>Counsel</u>

For Appellant:  Major Charles C. Hale, USMC (argued); Lieutenant
Commander L. J. Lofton, JAGC, USN (on brief).

For Appellee:  Major Edward C. Durant, USMC (argued); Colonel
Kevin M. Sandkuhler, USMC, Lieutenant Commander Phillip
Sundel, JAGC, USN, and Lieutenant Danette L. Walker, JAGC,
USNR (on brief).

Military Judge:  Thomas P. Tielens

THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE PUBLICATION.

Judge GIERKE delivered the opinion of the Court.

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of stealing merchandise worth $876.00 from the Navy Exchange, in violation of Article 121, Uniform Code of Military Justice, 10 USC § 921.  The military judge sentenced appellant to a bad-conduct discharge, confinement for 75 days, forfeiture of $600.00 pay per month for 3 months, and reduction to the lowest enlisted grade.  In accordance with a pretrial agreement, the convening authority disapproved all confinement in excess of time served but approved the remainder of the sentence.  The Court of Criminal Appeals affirmed the findings and approved sentence.  52 MJ 597 (1999).

This Court granted review of the following issue:

> WHETHER THE LOWER COURT ERRED IN FINDING THAT THE MILITARY
> JUDGE DID NOT VIOLATE MIL. R. EVID. 410 BY ADMITTING (AS
> AGGRAVATION UNDER RCM 1001) APPELLANT'S ADMISSION OF GUILT
> IN AN UNRELATED REQUEST FOR AN OTHER THAN HONORABLE
> DISCHARGE.

For the reasons set out below, we reverse the decision of the Court of Criminal Appeals.

### Factual Background

During the plea inquiry, appellant told the military judge that he was asked by another sailor to be the lookout while the other sailor stole merchandise from the Navy Exchange.  The plan was to return the stolen property to the Navy Exchange for a refund and split the money.  When they were unable to obtain a refund without a receipt, they decided to "go shopping" again.  Appellant agreed to act as lookout again while his co-actor took more items, intending to exit the store without paying for them.

As appellant and his co-actor exited the store, they were apprehended.

After appellant's pleas of guilty were accepted by the military judge, the prosecution offered evidence that appellant had requested an administrative discharge under other than honorable conditions in lieu of trial by court-martial for an unauthorized absence of 212 days. Appellant was awaiting execution of the administrative discharge when he committed the larceny. Appellant's request included an admission that he was in fact guilty of the unauthorized absence.

Trial counsel argued that the request for administrative discharge was admissible as a personnel record relating to the character of appellant's prior service under RCM 1001, Manual for Courts-Martial, United States (1998 ed.), and was not excluded by Mil. R. Evid. 410, Manual, supra. The military judge overruled a defense objection and admitted the evidence under RCM 1001(b)(2).[*]

The defense case focused on avoiding a bad-conduct discharge. In an unsworn statement, appellant described his life growing up in a poor family and a bad neighborhood. He remembered his grandfather's war stories about World War II and decided to enlist in the Navy. He did not mention his unauthorized absence or approved administrative discharge. He concluded his unsworn statement with the following:

---

[*]All Manual provisions are cited to the version in effect at the time of trial. The current version is unchanged, unless otherwise indicated.

> I enlisted in October of '94, not for the college money or to see the world, I joined for three reasons, sir: To serve my country, to make something out of myself, and to make my grandfather proud of me. Sir, the bottom line, I wanted to make a man out of myself and not be one of the street punks that I used to see everyday on the street. Sir, while in the Navy I have been many places and done many things and met many people, and I loved everyday of it. From that I have taken life lessons that I couldn't learn anywhere else. This right here, sir, will be no different. Sir, at this time I would like to apologize to the United States Navy, to you, sir, my family, and especially my grandfather who I have let down. I am sorry, and thank you very much, sir.

In sentencing argument, trial counsel made specific reference to appellant's unauthorized 212-day absence and asked the military judge to impose a sentence that included a bad-conduct discharge. Defense counsel emphasized appellant's remorse, commented on the influence of other troublemakers in the unit on appellant, and argued that a bad-conduct discharge would be too severe a punishment.

The Court of Criminal Appeals upheld the military judge's ruling. It held that the approved request for administrative discharge documented appellant's unauthorized absence "in much the same way as a record of a prior conviction is documented by a promulgating order or a record of nonjudicial punishment by the completed mast report form." 52 MJ at 599.

The court below further held that Mil. R. Evid. 410 was not applicable to appellant's case. The court reasoned that Mil. R. Evid. 410 applies only to pending charges and that the unauthorized absence was no longer pending after appellant's request for an administrative discharge was approved. Id.

4

## Discussion

RCM 1001(b)(2) permits the prosecution to introduce a broad range of documents from an accused's personnel records. However, it does not provide blanket authority to introduce all information that happens to be maintained in the accused's personnel records. United States v. Ariail, 48 MJ 285, 287 (1998).

Mil. R. Evid. 410 prohibits the admission of a guilty plea that was later withdrawn, a plea of nolo contendere, a statement made during a judicial inquiry into a plea of guilty or nolo contendere, or "any statement made in the course of plea discussions." Mil. R. Evid. 410 is generally taken from Fed. R. Evid. 410, but is broader because it encompasses statements made in connection with a request for administrative disposition in lieu of court-martial. Drafters' Analysis of Mil. R. Evid. 410, Manual, supra at A22-34. Mil. R. Evid. 410(b) defines a "statement made in the course of plea discussions" as including "a statement made by the accused solely for the purpose of requesting disposition under an authorized procedure for administrative action in lieu of trial by court-martial."

In United States v. Barunas, 23 MJ 71, 75-76 (CMA 1986), this Court held that an accused's pretrial letter to his commander, admitting his guilt and requesting disposition by "any other avenues of punishment short of court-martial," was a plea discussion within the meaning of Mil. R. Evid. 410. This Court explained that "[a]n excessively formalistic or technical approach to this rule may undermine" the policy of the rule, which is "to encourage the flow of information during the plea-

bargaining process."  See also United States v. Ankeny, 30 MJ 10, 15 (CMA 1990) (defense counsel's "preliminary overtures" to an assistant staff judge advocate during a social event encompassed by Mil. R. Evid. 410); United States v. Brabant, 29 MJ 259, 264 (CMA 1989) (accused's question to commander, "What can I do to make this right?" was a plea discussion encompassed by Mil. R. Evid. 410).

In light of this Court's long-standing precedent for avoiding an "excessively formalistic or technical" application of Mil. R. Evid. 410 in favor of a broad application of the rule, we must respectfully reject the rationale of the court below for finding the rule inapplicable.  Mil. R. Evid. 410 does not require that protected plea bargaining statements be related to offenses "pending" before the court-martial at which they are offered.  Such a construction of the rule would remove its protection from any accused who bargained for withdrawal or dismissal of certain charges and specifications.

Furthermore, appellant's charges arising from the unauthorized absence are still "pending" because appellant has not yet received the quid pro quo for his admission of guilt: an executed discharge.  Government appellate counsel acknowledged in oral argument that the convening authority was not empowered to execute the requested discharge and that the request for discharge was still pending approval at the Navy Bureau of Personnel at the time it was offered in evidence.  Subject to limitations of the Due Process Clause and Articles 10, 33, and 43, UCMJ, 10 USC §§ 810, 833, and 843, respectively, the Government remains free to prosecute appellant for the

unauthorized absence at any time until its jurisdiction is terminated by appellant's discharge.

The final question is whether appellant was prejudiced by the violation of Mil. R. Evid. 410. See Barunas, 23 MJ at 76. Appellant had no previous convictions or nonjudicial punishment. On its face, the unexplained 212-day absence was a serious offense. Appellant expressed remorse for the larceny, and his counsel argued that a bad-conduct discharge was too severe. We cannot say "with fair assurance" that evidence of a 212-day unauthorized absence did not have a "substantial influence" on the sentence imposed by the military judge. Kotteakos v. United States, 328 U.S. 750, 765 (1946). Furthermore, under the criteria for sentence reassessment prescribed in United States v. Sales, 22 MJ 305, 307-09 (CMA 1986), we are convinced that it cannot be reliably determined that the military judge would have imposed a bad-conduct discharge in the absence of evidence of the 212-day unauthorized absence. Accordingly, we cannot give the court below its usual broad discretion to reassess and affirm the bad-conduct discharge, because we would be unable to affirm that decision in light of Sales.

## Decision

The decision of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed as to findings but reversed as to sentence. The sentence is set aside. The record of trial is returned to the Judge Advocate General of the Navy for remand to the Court of Criminal Appeals. That court may either reassess

7

and affirm a sentence that does not include a bad-conduct discharge, or it may order a sentence rehearing.

United States v. Vazquez, No. 00-0224/NA

CRAWFORD, Chief Judge (concurring in part and dissenting in part):

I fully join the majority's rationale in holding that Mil.R.Evid. 410, Manual for Courts-Martial, United States (1998 ed.), was applicable to appellant's case and that the military judge's error in admitting the challenged evidence had a "substantial influence" on appellant's sentence.

I respectfully part company with the majority over their restrictive remand of this case to the Court of Criminal Appeals for sentence reassessment. In taking this action, the majority has abridged the lower court's sentence reassessment discretion and expertise unnecessarily, substituted its own judgement of sentence appropriateness, and virtually dictated a sentence rehearing, all in derogation of Congressional and Presidential mandates, as well as 15 years of precedent from this Court. See Art. 66(c), UCMJ, 10 USC § 866(c); RCM 1203, Manual, supra; United States v. Suzuki, 20 MJ 248, 249 (CMA 1985); United States v. Sales, 22 MJ 305 (CMA 1986); United States v. Reed, 33 MJ 98, 99 (CMA 1991); United States v. Cook, 48 MJ 434, 438 (1998); United States v. Eversole, 53 MJ 132, 138 (2000)(Crawford, C.J., dissenting); Id. at 140 (Gierke, J., dissenting).

United States v. Vazquez, No. 00-0224/NA

This Court's responsibility is to determine, as a matter of law, whether a Court of Criminal Appeals abuses its discretion when reassessing and determining that a sentence imposed at trial, minus the prejudicial error, would have been of a certain magnitude.  Art. 67(c), UCMJ, 10 USC § 867(c); see United States v. Taylor, 51 MJ 390, 391 (1999); United States v. Jones, 39 MJ 315, 317 (1994); Sales, 22 MJ at 308.  Today we put the proverbial cart before the horse by circumscribing the Court of Criminal Appeals' statutory function.

Finally, the restrictive mandate virtually guarantees a sentence rehearing.  Instead of erroneously introducing appellant's discharge request at trial, the Government could have introduced, during sentencing, properly maintained, complete, reliable personnel forms reflecting appellant's absence from and return to duty after 212 days. See RCM 1001(b)(2); United States v. Ariail, 48 MJ 285 (1998); see generally United States v. Abel, 469 U.S. 45, 56 (1984).  Such documents, even though incorporated in the allied papers of the record of trial, cannot be considered by the Court of Criminal Appeals when performing its sentence reassessment.  See United States v. Peoples, 29 MJ 426, 428 (CMA 1990).  Conversely, they can be introduced during a sentence rehearing.

2

By its action today, the majority says that the Court of Criminal Appeals is incapable of determining the ultimate affect (albeit "substantial") a 212 day unauthorized absence had on the sentence.  Accordingly, the Court of Criminal Appeals, with its discretion removed, will have no option but to restart the sentencing process.