UNITED STATES, Appellee

V.

Michael D. ANDERSON, Airman Recruit
U.S. Navy, Appellant

No. 00-0480

Crim. App. No. 99 0586

_____

United States Court of Appeals for the Armed Forces

Argued February 28, 2001

Decided June 21, 2001

GIERKE, J., delivered the opinion of the Court, in which
CRAWFORD, C.J., SULLIVAN, EFFRON, and BAKER, JJ., joined.
SULLIVAN, J., filed a concurring opinion.

Counsel

For Appellant:  Major Charles C. Hale, USMC (argued); Lieutenant
    Commander L. J. Lofton, JAGC, USN.

For Appellee:  Lieutenant Commander Philip Sundel, JAGC, USNR
    (argued); Colonel Marc W. Fisher, Jr., USMC (on brief);
    Colonel K. M. Sandkuhler, USMC.

Military Judge:  Thomas P. Tielens

**This opinion is subject to editorial correction before publication.**

Judge GIERKE delivered the opinion of the Court.

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of an unauthorized absence commencing on September 19, 1997, and terminated by apprehension on September 28, 1998; and wrongful use of marijuana, in violation of Articles 86 and 112a, Uniform Code of Military Justice, 10 USC §§ 886 and 912a, respectively. The adjudged and approved sentence provides for a bad-conduct discharge, confinement for 60 days, and forfeiture of $600.00 pay per month for 3 months. The Court of Criminal Appeals affirmed the findings and sentence in an unpublished opinion.

This Court granted review of the following issue:

> WHETHER THE LOWER COURT ERRED IN FINDING THAT THE MILITARY JUDGE DID NOT VIOLATE M.R.E. 410 BY ADMITTING, DURING SENTENCING, EVIDENCE CONCERNING APPELLANT'S REQUEST FOR AN OTHER THAN HONORABLE DISCHARGE IN LIEU OF TRIAL BY COURT-MARTIAL.

We hold that the military judge erred but that the error was harmless.

During its case in sentencing, the Government offered a document dated September 10, 1997, from the Commanding Officer, Naval Air Station, Jacksonville, Florida, purporting to approve appellant's request for discharge in lieu of trial for offenses preceding those before the court-martial (Prosecution Exhibit 5).

Defense counsel objected, citing Mil. R. Evid. 410(A)(4), Manual for Courts-Martial, United States (2000 ed.), and arguing that the document was derived from statements made in the course of negotiating a disposition of the earlier case. The Government responded by arguing that the document was admissible under RCM 1001(b)(2), Manual, supra, as a military personnel record.

2

The military judge ruled that because the document was not related to the charges before the court-martial, it was not within the ambit of Mil. R. Evid. 410. He admitted the document and announced that he would consider it solely for the purpose of explaining why appellant was in Jacksonville, Florida, shortly before the date the unauthorized absence before the court for trial commenced.

The prosecution also presented evidence, without defense objection, that appellant fraudulently enlisted by concealing arrests for use of marijuana and petty theft (Prosecution Exhibit 2). Finally, the prosecution presented evidence, without defense objection, reflecting the following unauthorized absences: February 20-21, 1996; March 28, 1996, for 1 hour and 15 minutes; March 29, 1996, for 1 hour and 15 minutes; May 10-11, 1996; May 15-17, 1996; May 20-27, 1996; June 8-19, 1996; June 22-25, 1996; June 27-July 3, 1996; July 4-8, 1996; July 31, 1996, for an unspecified period that caused him to miss the sailing of his ship; and September 19-October 19, 1997 (Prosecution Exhibit 6).

Before the Court of Criminal Appeals as well as this Court, appellant contends that the military judge erred by admitting the correspondence pertaining to his administrative discharge, because it was barred by Mil. R. Evid. 410(a)(4). The court below held that the correspondence pertaining to an administrative discharge in lieu of court-martial was admissible as a personnel record; that it was not within the ambit of Mil. R. Evid. 410 because it did not pertain to the charges before the court-martial; and that, even if the military judge erred, the

error was harmless.  Art. 59(a), UCMJ, 10 USC § 859(a).  Unpub. op. at 2-3.

In United States v. Vasquez, 54 MJ 303, 305 (2001), we rejected the notion that plea-bargaining statements are protected by Mil. R. Evid. 410 only if they relate to offenses pending before the court-martial at which they are offered.  We also held that charges are "'pending'" until an appellant receives "the quid pro quo for his admission of guilt: an executed discharge." Finally, we held that Mil. R. Evid. 410 must be interpreted broadly in order to carry out the policy underlying the rule, "which is 'to encourage the flow of information during the plea-bargaining process.'"

RCM 1001(b)(2) permits the prosecution to introduce information from the accused's personnel records, but "it does not provide blanket authority to introduce all information that happens to be maintained in the accused's personnel records." Id., citing United States v. Ariail, 48 MJ 285, 287 (1998).  In the present case, the military judge and the court below (unpub. op. at 2-3) recognized that the correspondence pertained to disposition of an earlier offense.  The court below focused on the question whether the correspondence was a "personnel record" within the meaning of RCM 1001(b)(2).  At trial the parties agreed that appellant's administrative discharge in lieu of court-martial was never executed.

Although appellant's statement admitting guilt was not offered in evidence, as it was in Vasquez, the document approving the discharge reflected that appellant had bargained for disposition of the earlier charges without a trial.  Appellant's

4

request for discharge was tantamount to a statement because an admission of guilt "was an integral part of the . . . discharge process."  See United States v. Barunas, 23 MJ 71, 75 (CMA 1986); see also Vasquez supra at 304 (request for discharge included admission of guilt).  Because the administrative discharge was not executed and appellant had not received the benefit of his bargain in the earlier case, those earlier charges were still "pending."  United States v. Vasquez, supra.  Accordingly, we apply the broad interpretation of Mil. R. Evid. 410 adopted in Vasquez as necessary to carry out the policy underlying the Rule; and we hold that the military judge and the court below erred, because Mil. R. Evid. 410 mandated exclusion of the evidence even if it qualified as a personnel record.

Testing for prejudice, however, we find none.  Appellant was convicted of an extended unauthorized absence that was terminated by apprehension, as well as wrongful use of marijuana.  Other personnel records were properly admitted in evidence, and they were replete with evidence of other misconduct throughout his military service.  Finally, this was a bench trial, and the military judge significantly limited the purpose for which he considered the evidence.

## Decision

The decision of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed.

United States v. Anderson, 00-0480/NA


SULLIVAN, Judge (concurring):

From my very first opinion on this Court, I have consistently concluded that Mil.R.Evid. 410 must be applied broadly to be consistent with its purpose. United States v. Barunas, 23 MJ 71, 75-76 (CMA 1986). See also Fed.R.Evid. 410. Speaking for the Court in Barunas, I said:

> The general purpose of Mil.R.Evid. 410 and its federal civilian counterpart, Fed.R.Evid. 410, is to encourage the flow of information during the plea-bargaining process and the resolution of criminal charges without "full-scale" trials. See United States v. Grant, 622 F.2d at 313; see generally Santobello v. New York, 404 U.S. 257, 260-61, 92 S.Ct. 495, 497-98, 30 L.Ed.2d 427 (1971). An excessively formalistic or technical approach to this rule may undermine these policy concerns in the long run. United States v. Herman, 544 F.2d at 797. See generally Wright and Graham, Federal Practice and Procedure: Evidence § 5345 (1980). A failure to recognize and enforce the military expansion of this rule may have the same effect.

23 MJ at 76.

Our most recent case, United States v. Vasquez, 54 MJ 303, 305 (2001), was based on the longstanding precedent originating in Barunas. The Court's action today is entirely consistent with this precedent and I join it.