SULLIVAN, Judge
(concurring):
From my very first opinion on this Court, I have consistently concluded that Mil. R.Evid. 410 must be applied broadly to be consistent with its purpose. United States v. Barunas, 23. MJ 71, 75-76 (CMA 1986). See also Fed.R.Evid. 410. Speaking for the Court in Barunas, I said:
The general purpose of Mil.R.Evid. 410 and its federal civilian counterpart, Fed. R.Evid. 410, is to encourage the flow of information during the plea-bargaining process and the resolution of criminal charges without “full-scale” trials. See United States v. Grant, 622 F.2d at 313; see generally Santobello v. New York, 404 U.S. 257, 260-61, 92 S.Ct. 495, 497-98, 30 L.Ed.2d 427 (1971). An excessively formalistic or technical approach to this rule may undermine these policy concerns in the long run. United States v. Herman, 544 F.2d at 797. See generally Wright and Graham, Federal Practice and Procedure: Evidence § 5345 (1980). A failure to recognize and enforce the military expansion of this rule may have the same effect.
23 MJ at 76.
Our most recent case, United States v. Vasquez, 54 MJ 303, 305 (2001), was based on the longstanding precedent originating in Barunas. The Court’s action today is entirely consistent with this precedent and I join it.