CRAWFORD, Chief Judge
(concurring in part and dissenting in part):
I believe that the Court of Criminal Appeals failed to use the correct standard for reassessing a sentence after finding an error of constitutional proportion. Nowhere did the Court state or show that it was satisfied, beyond a reasonable doubt, that its reassessment of appellant’s sentence cured the constitutional error of ineffective assistance of counsel during the court-martial sentencing proceeding. See United States v. Boone, 49 MJ 187 (1998). The Court of Criminal Appeals also co-mingled the concepts of sentence reassessment and sentence appropriateness. Accordingly, this case should be returned to the Judge Advocate General of the Navy for remand to the Court of Criminal Appeals. If that court cannot be satisfied beyond a reasonable doubt that its sentence reassessment cures the ineffective assistance of counsel during sentencing, it must direct a sentence rehearing.
I do not agree with the majority that since the lower court’s holding, that civilian defense counsel was ineffective, “was not challenged by certification under Article 67(a)(2),” 57 MJ at 185, we cannot reexamine that holding. As I said in United States v. Grooters:
It may make sense to apply the law-of-the-case doctrine when there has not been a factual context to review, Luce v. United States, 469 U.S. 38, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984), or when the issue has not been briefed by the parties. However, it seems illogical to otherwise have an intermediate appellate court bind a higher appellate court. New York Life Ins. Co. v. Hosbrook, 130 Ohio St. 101, 196 N.E. 888 (1935).
39 MJ 269, 274-75 (CMA 1994)(Crawford, J., concurring in the result).
The majority’s view of the law of the case prohibits this Court from performing its statutorily intended purpose of overseeing the military justice system. See United States v. Walker, 57 MJ 174,-(2002)(Sullivan, S.J., joined by Crawford, C.J., dissenting). It makes no sense to require a certification by a Judge Advocate General in order to examine a legal ruling from a Court of Criminal Appeals. “Once a case has been accepted for review by this Court, and the Government Appellate Division attacks the lower court ruling [as is the case at hand], that issue is placed squarely before us.” United States v. Pablo, 53 MJ 356, 361 (2000)(Crawford, C.J., dissenting). As we said in United States v. Williams, 41 MJ 134, 135 n. 2 (CMA 1994):
The law-of-the-case doctrine does not preclude this Court, once the case has been properly granted for review, from considering an erroneous conclusion of law made by the Court of Military Review. See Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 817, 108 S.Ct. 2166, 2178, 100 L.Ed.2d 811 (1988).
Although the majority finds that “[t]his case presents a situation similar to Boone,” 57 MJ at 186, it is easily distinguishable. In *187 Boone, the record of trial did not contain the evidence that caused the Army Court of Criminal Appeals to find counsel misfeasance. In fact, that record of trial was devoid of any extenuation and mitigation, except for Boone’s unsworn statement. Since there was no record and, therefore, no evidence for the Court of Criminal Appeals to examine in the exercise of its powers under Article 66(c), Uniform Code of Military Justice (UCMJ), 10 USC § 866(c), this Court held that the lower court’s reassessment of Boone’s sentence was an abuse of discretion.
Unlike Boone, appellant had two non-commissioned officers (Chief Electrician’s Mate Palmiere and Chief Machinist’s Mate Norman), as well as his sister (Ms. Stewart), testify on his behalf during extenuation and mitigation. These witnesses bolstered appellant’s story about the trauma he had suffered after the USS IOWA explosion. The information elicited from these witnesses makes the Court of Criminal Appeals’s finding of ineffective assistance of counsel during sentencing suspect.
While the 19 pages of medical documentation submitted to the convening authority during the post-trial process may represent “the tip of the iceberg,” 57 MJ at 186, the majority omits a crucial fact—appellant refused to participate in a sanity board, convened for his benefit, prior to the commencement of court-martial proceedings.
While, as the Court of Criminal Appeals points out, this refusal in and of itself would not have precluded introduction of any medical records into evidence during extenuation and mitigation, appellant’s refusal to participate in the sanity board is further evidence that his counsel was not ineffective during the sentencing proceedings. This refusal to participate in the sanity board will undoubtedly test the credibility of defense evidence at any sentence rehearing. Despite the foregoing, I am not convinced that the lower court’s ruling created a manifest injustice or was clearly erroneous. See Grooters, 39 MJ at 274 (Crawford, J., concurring in the result). Accordingly, I am not prepared to overturn the Court of Criminal Appeals’s finding that civilian defense counsel was ineffective.
However, I am compelled to dissent from the majority’s disposition—returning this case directly for a sentence rehearing instead of returning it to the Judge Advocate General of the Navy for further review by the Court of Criminal Appeals.
The rules related to resentencing have been cogently set forth by the Supreme Court in Jackson v. Taylor, 353 U.S. 569, 77 S.Ct. 1027, 1 L.Ed.2d 1045 (1957); by this Court in United States v. Miller, 10 USCMA 296, 27 CMR 370 (1959)(interpreting Jackson)-, and thereafter in numerous cases from United States v. Suzuki, 20 MJ 248 (CMA 1985), through United States v. Eversole, 53 MJ 132 (2000). First, sentence reassessment is the business of the Courts of Criminal Appeals.
Congress thought the board of review could modify sentences when appropriate more expeditiously, more intelligently, and more fairly. Acting on a national basis the board of review can correct disparities in sentences and through its legally-trained personnel determine more appropriately the proper disposition to be made of the cases. Congress must have known of the problems inherent in rehearing and review proceedings for the procedures were adopted largely from prior law. It is not for us to question the judgement of the Congress in selecting the process it chose.
Jackson, 353 U.S. at 580, 77 S.Ct. 1027. This Court has adopted these congressional and judicial views and generally refused to substitute its own judgment for that of the mature, experienced, and capable judges that sit on the various Courts of Criminal Appeals. See United States v. Cook, 46 MJ 37, 39 (1997); United States v. Hawes, 51 MJ 258, 260 (1999); Eversole, supra at 138-140 (Crawford, C.J., dissenting). We overturn a sentence reassessment decision by a Court of Criminal Appeals only “to prevent obvious miscarriages of justice or abuses of discretion.” United States v. Jones, 39 MJ 315, 317 (CMA 1994); see Eversole, supra at 138 (Crawford, C.J., dissenting); United States v. Cook, 48 MJ 434, 438 (1998); Boone, supra. *188 In this case, the Court of Criminal Appeals failed to use the correct standard for reassessing a sentence after finding an error of constitutional proportion.
The majority finds that the Court of Criminal Appeals abused its discretion by reassessing a sentence based on an inadequate record, and avoids the issue concerning application of the correct standard for reassessment. Even so, the proper disposition is to remand this case to the Court of Criminal Appeals, as we have no fact-finding power or responsibility to find facts.
In reaching its conclusion, the majority apparently relies on the sworn declaration of Dr. Brittain, a retired naval Medical Service Corps clinical psychologist and neuropsychologist. 57 MJ at 184. Although neither a medical doctor nor psychiatrist, Dr. Brittain recounts what he views as “22 different (and sometimes contradictory) psychiatric diagnoses just from the records which [he] reviewed.” Dr. Brittain’s sworn declaration was never before the Court of Criminal Appeals.
The Court of Criminal Appeals has the full capability to order appellant’s medical records, in their entirety, to be provided to that court for review by counsel, as well as the judges. See Art. 47(a)(1), UCMJ, 10 USC § 847(a)(1); Art. 66(c); United States v. Lewis, 42 MJ 1 (1995). If additional oral argument is warranted, the court can order it. If other sworn declarations beyond that of Dr. Brittain are required, the lower court can order them. See Lends, supra; see generally United States v. Ginn, 47 MJ 236 (1997).
Similar to what the Supreme Court found in Jackson, any court-martial convened for the purpose of resentencing appellant will have to make its sentence determination on the basis of whatever portions of the verbatim record that trial counsel and the judge give the court-martial, along with any new evidence counsel might wish to submit.
While returning this case to the Court of Criminal Appeals might “merely substitute one group of nonparticipants in the original trial for another,” 353 U.S. at 580, 77 S.Ct. 1027, it is my firm belief, as reflected by the Supreme Court, that Congress intended that boards of review, the forerunners of today’s Courts of Criminal Appeals, would have the first opportunity to reassess court-martial sentences, using guidance from this Court.* The fact that the Court of Criminal Appeals misapplied the standard of review in this case does not mean that a remand to that court for additional review is improper. As we said in Miller, returning the case directly to the trial level is “cumbersome.” 10 USC-MA at 299, 27 CMR at 373. Such action also unnecessarily abridges the Court of Criminal Appeals’s discretion, fails to make use of that court’s expertise, and certainly runs counter to congressional intent. See generally United States v. Vasquez, 54 MJ 303, 306 (2001)(Crawford, C.J., concurring in part and dissenting in part).
The issue is not whether this Court and the Court of Criminal Appeals have the power or authority to order a sentence rehearing. Both clearly have that power. See Jackson, supra; United States v. Sills, 56 MJ 239, 240 (2002); Miller, supra. If the lower court is unable to cure the error through its sentence reassessment, that court will return the case for a sentence rehearing by a court-martial, albeit not the same court that initially heard evidence and rendered findings and a sentence. See Jackson, supra at 579, 77 S.Ct. 1027 (“A court-martial has neither continuity nor situs and often sits to hear only a single case.”).
Accordingly, I would return this case to the Judge Advocate General of the Navy for remand to the United States Navy-Marine Corps Court of Criminal Appeals for action consistent with this opinion.

 A quick comparison of recent cases from this Court shows an "I know it when I see it” approach to sentence reassessment following reversal of a Court of Criminal Appeals decision. Compare United States v. Ayers, 54 MJ 85 (2000), and United States v. McElhaney, 54 MJ 120 (2000), with United States v. Tollinchi, 54 MJ 80 (2000), and United States v. Brown, 55 MJ 375 (2001); compare also United States v. Johnson, 54 MJ 67 (2000), with United States v. Vasquez, 54 MJ 303 (2001).